# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| BOBBY ALLAN GREEN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. CIV-13-814-HE |
| JUSTIN JONES, DOC Director, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging a prison disciplinary conviction.[1] United States District Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). For the following reasons, the undersigned recommends dismissal of the petition.

## I. Relevant procedural background.

Petitioner contends he "has been deprived of due process of law because several prison misconducts were 'stacked' against him that resulted from one

---

[1] Petitioner filed his petition on the form used for actions under 28 U.S.C. § 2254. Nonetheless, as Petitioner is challenging a prison disciplinary conviction, he is challenging the execution of his sentence rather than the fact of his conviction, and therefore, the action has been construed as one under 28 U.S.C. § 2241. *See Montez v. McKinna,* 208 F.3d 862, 865 (10th Cir. 2000).

act, episode, occurrence, behavior, intent." Doc. 1, at 6.[2] According to Petitioner, he received two "'X' misconduct conviction[s]" based on one incident: his "refus[al] to 'cuff up' by walking away from officers & swinging blindly in an effort to defend/protect myself from being wrongfully peppersprayed." *Id.* at 6-7. Petitioner affirmatively states that "there exists NO STATE REMEDY on this ground of error in which I may attempt to exhaust. In fact it would be 'futile' & dangerous to make such attempt as I would be fined/sanctioned." *Id.* at 8.

In response to the petition, Respondent filed a motion to dismiss maintaining that "Petitioner is procedurally barred because he has failed to show that he exhausted his state administrative and judicial remedies." Doc. 11, at 3. Petitioner did not respond to the motion.

## II. Analysis.

"A habeas petitioner is 'generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (quoting *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)). "The exhaustion of state remedies includes both administrative and state court remedies." *Id.*; *see also Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a

---

[2] Page citations to the petition are in sequential order and reflect this court's CM‑ECF pagination.

prerequisite for § 2241 habeas relief, although we recognize that the statute itself does not expressly contains such a requirement."). "A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *Garza*, 596 F.3d at 1203. The petitioner bears the burden to show that "he has exhausted available state court remedies." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).

Petitioner acknowledged in his petition that he failed to exhaust his state remedies before seeking federal habeas relief. Doc. 1, at 8. He justified his failure on the grounds that he had no state remedy and that any exhaustion attempt would have been both futile and dangerous. *Id.* When challenged by Respondent's motion to dismiss, he failed to respond. Petitioner, consequently, has failed to explain and provide support for these vague and conclusory assertions. Because Petitioner proceeds pro se, the court construes his filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Nonetheless, the court does not "assume the role of advocate." *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotation omitted). Petitioner has admittedly failed to exhaust state remedies and has failed to adequately explain why he was precluded from so doing.

### III. Recommendation and notice of right to object.

For the reasons stated, the undersigned Magistrate Judge recommends that Respondent's motion to dismiss, Doc. 11, be granted and Petitioner's habeas petition dismissed without prejudice.

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by May 22, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 2nd day of May, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE